Shamrock Oil and Gas Company, Petitioner, v. Commissioner of Internal Revenue, Respondent.

Docket No. 98588.   Promulgated October 22, 1940.

*Harry C. Weeks, Esq., R. B. Cannon, Esq.,* and *Dempsey A. Winn, C. P. A.,* for the petitioner.
*James L. Backstrom, Esq.,* for the respondent.

#### OPINION.

Disney: This proceeding involves income taxes for the year 1935. Deficiency was determined in the amount of $5,321.36.   A stipulation and supplemental stipulation of facts were filed, and in addition thereto a single documentary exhibit was admitted in evidence.   We find the facts to be as stipulated and as set forth in said document. They may be summarized for purposes of examination of the question presented, as follows:

The petitioner, a Delaware corporation with its principal office and place of business at Amarillo, Texas, in 1935, the taxable year, kept its accounts on the accrual basis.   On January 1, 1935, it was indebted upon a first mortgage bond issue, an eight-year debenture bond issue, and a ten-year debenture bond issue.   The debentures provided for payment of interest semiannually on March 1 and September 1.   No interest had been paid since September 1, 1932, though it had been regularly accrued upon petitioner's books and income tax returns.   From January 1 to August 31, 1935, and in accord with its regular accounting practice, petitioner accrued on its books, as expense, interest on the debenture bonds in the amount of $5,640 each month, a total to August 31, 1935, of $45,120.   On July 8, 1935, a Delaware corporation, the Shamrock Oil & Gas Corporation, was formed.   On July 9, 1935, a plan of reorganization was entered into between petitioner and the new corporation.   The plan was approved by the stockholders on July 24, 1935, and was carried out on or about September 1, 1935, by the transfer of all of petitioner's assets to the new corporation in consideration of all of the stock and all of the securities, consisting of bonds, of the new cor-

poration. Thereupon the securities so received by petitioner were issued, ratably and in accordance with the plan of reorganization, to its stockholders, the holders of its first mortgage bonds, and the holders of its debenture bonds. The holders of petitioner's stock and bonds surrendered them, with the unpaid interest coupons on the bonds, in consideration of receipt of the stock and bonds of the new corporation, and petitioner's stocks and bonds were duly canceled. Of the stock in the new corporation, 84.213 percent was issued to persons holding stock in the petitioner corporation. The reorganization was nontaxable under sections 112 (b) (4) and 112 (g) (1) of the Revenue Act of 1934. Under the plan the holder of $1,000 face value of petitioner's first mortgage bonds (with interest coupons from March 1, 1933) received $1,100 of bonds and 40 shares of common stock of the new corporation; the holder of $750 face value of petitioner's debenture bonds (with interest coupons since March 1, 1933) received bonds of face value of $300 and 75 shares of common stock of the new corporation; and stockholders of petitioner received common stock in the new corporation, share for share. The new corporation assumed the liabilities of petitioner, but received the assets of petitioner free from the lien and operation of the first mortgage bonds and debentures.

The petitioner in its income tax return claimed deduction of the $45,120 interest accrued during the period from January 1 to August 31, 1935, upon the debenture bonds. The claim was disallowed by the Commissioner and deficiency determined accordingly. The sole question presented is, therefore, whether the petitioner is entitled to such deduction of accrued interest.

The petitioner in effect contends that the interest was accruable by one operating on the accrual basis, was duly accrued prior to the reorganization, and was discharged by the receipt of stock and bonds of the new corporation, in the reorganization. The respondent, on the other hand, in substance argues that the interest is not an allowable deduction, because it was canceled prior to the end of the year by the reorganization.

There is no contention about the amount of the interest, the liability of the petitioner therefor, nor the fact of nontaxable reorganization. Nor does respondent contend that payment is necessary to accrual. Indeed, there is dispute, not as to facts, but as to the legal effect thereof. The petitioner cites and strongly relies upon *Hummel-Ross Fibre Corporation*, 40 B. T. A. 821, wherein we held that interest upon bonds accrued within the taxable year, but discharged within the year by the issuance of preferred stock in a nontaxable reorganization, was properly deducted. The respondent

seeks to distinguish that case and cites others, none of which, however, are in our opinion here applicable. Respondent agrees that the *Hummel-Ross Fibre Corporation* case is applicable to the interest accrued on petitioner's first mortgage bonds (which respondent allowed to be deducted), but in effect argues that as to the first mortgage interest provision was made in the reorganization for payment, whereas there was no such provision as to the interest on the debentures. The only difference lies in the fact that the holders of first mortgage bonds and interest coupons received in exchange more than the face amount of their bonds, i. e., the holder of $1,000 face value of first mortgage bonds received $1,100 face value in new bonds, and 40 shares of stock in the new corporation; while the holder of debenture bonds received less than face value, that is, the holder of $750 in debenture bonds received $300 face value of new bonds and 75 shares of the stock in the new corporation. We think the difference has no effect on the present question. In each case, as in the *Hummel-Ross Fibre Corporation* case, *supra*, bonds with accrued interest coupons were exchanged for a consideration, to wit, new securities. It is immaterial whether the new securities, for which the interest coupons (and bonds to which attached) were exchanged, were the issue of the same corporation, as in the *Hummel-Ross Fibre Corporation* matter, or another corporation, as herein. In both instances the exchange was made as a part of a reorganization and by a party thereto. This rendered nonrecognizable any profit made by the corporation in the acquisition of its debenture bonds and interest coupons thereon, but does not alter the fact of exchange of the coupons for a consideration, the bonds or stock received therefor. The fact that petitioner made a nonrecognized profit on the transaction does not mean that the previously accrued liability for interest was "eliminated", is "no longer real", or has become extinct in such a manner as to require disallowance of deduction of the interest accrued. It had been eliminated for a consideration, as fully as in the *Hummel-Ross Fibre* case. Being unable to discern any distinction in principle between that case and the instant proceeding, we hold on the authority thereof that the respondent erred in disallowing deduction of the interest accrued.

*Decision will be entered for the petitioner.*